[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried in Stamford, Connecticut on August 30, 1986. The plaintiff has resided continuously in Connecticut for the last twelve years. There are two minor children, issue of this marriage. They are Prisca, born October 19, 1987 and Edgar, born June 20, 1992. The parties have stipulated that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The plaintiff is 40 years old, and the defendant is 35 years old. The plaintiff is a hardworking gentleman who works two jobs. The defendant, in addition to caring for the parties' children, attends college and will obtain a degree in computer science this month.
The court has carefully considered the criteria set forth in General Statutes, Sections 46b-56, 46b-81, 46b-82, 46b-84 and46b-62 in reaching the decisions reflected in the following CT Page 5658 orders that follow.
The following orders may enter:
(1) In accordance with the stipulation of the parties, the following orders shall enter as to custody and visitation:
 a. The parties shall share joint legal custody of the minor children. This includes the responsibility to consult with each other on major decisions involving the children. After consultation, the final decision rests with the defendant.
 b. The defendant shall have primary physical custody of the children.
 c. The plaintiff shall have reasonable rights of visitation which shall include:
 1. Alternating weekends from Friday after school to Sunday at 6:00 p. m. and 3 hours one day per week to be scheduled by the plaintiff with a minimum of 24 hours advanced notice;
 2. Whoever has the weekend prior to a Monday holiday shall have the children for that holiday, except that the children shall always spend Memorial Day with the defendant and Labor Day with the plaintiff;
 3. Each parent shall enjoy three uninterrupted weeks of summer vacation time. Two of those weeks may be consecutive. During the 1998 summer break, the defendant shall take her first two weeks commencing the end of the school year. The parties shall notify each other of their summer plans by June 1st of each year;
 4. The parties shall alternate major holidays annually. The defendant shall have the children every Christmas Eve through 11:00 a.m. Christmas morning. The plaintiff shall have the children for the remainder of Christmas Day and the four days following.
 d. Changes to the visitation schedule shall only occur by mutual agreement. Each parent shall be responsible for the children's care during their scheduled time.
CT Page 5659
 e. Neither parent shall hinder telephone calls to or from either child to either parent.
 f. Neither parent shall relocate more than fifty (50) miles from their current residence without ninety (90) days notice to the other parent and permission of the Superior Court.
(2) The court expects the defendant will find employment after graduating from college. The plaintiff shall pay to the defendant periodic alimony in the amount of fifty ($50) dollars per week. Payments shall commence on June 1, 1998 and weekly thereafter in advance, until the death of either party, the defendant's remarriage or May 31, 1999, whichever event first occurs.
 Commencing June 1, 1999, the plaintiff shall pay periodic alimony in the amount of $1 per year until the death of either party, the defendant's remarriage or May 31, 2003, whichever event first occurs. An immediate wage withholding order may enter.
(3) The child support guidelines provide for the plaintiff to pay $218 per week as child support. The parties' computation in the guideline worksheet incorrectly included as a deduction against the gross income of the plaintiff the sum of $57, withheld for the plaintiff's retirement plan.
The plaintiff shall pay to the defendant the sum of $218 per week as child support. The payment shall commence June 1, 1998 and weekly thereafter, in advance, until the older child reaches majority. At that time, the parties may seek a determination of the support due for the younger child.
This order shall supersede as of June 1, 1998, the current order issued by the Superior Court at Milford.
An immediate wage withholding order may enter.
(4) The court finds that the plaintiff owes an arrearage in his child support obligation in the amount of $1,286.00 as of April 25, 1998. The plaintiff shall pay the sum of $15 per week until this arrearage is fully paid, commencing June 1, 1998. An immediate wage withholding order may enter as to the payment on arrearages. CT Page 5660
(5) The plaintiff may take the older child, Prisca, as a dependent for income tax purposes, and the defendant may claim the younger child, Edgar, as a dependent.
(6) The plaintiff shall continue to provide health insurance for the children. The parties shall equally share any unreimbursed medical, dental and orthodontia expenses. Section 46b-84d of the Connecticut General Statutes shall apply.
 The plaintiff shall furnish the defendant with copies of medical and pharmacy cards showing the insurance coverage.
(7) The plaintiff shall carry term life insurance in the amount of $50,000, naming the children as irrevocable beneficiaries as long as the plaintiff is obligated to pay child support. The plaintiff shall on July 1st of each year furnish the defendant with proof of insurance coverage.
(8) The plaintiff shall retain the assets listed on his financial affidavit dated May 1, 1998. He shall be solely responsible for the debts listed on his affidavit.
(9) The defendant shall retain the assets listed on her financial affidavit dated May 1, 1998. She shall be solely responsible for the debts listed on her financial affidavit.
(10) Each party shall pay his or her own counsel fees.
(11) The defendant's maiden name of Josapath shall be restored.
Judgment may enter accordingly.
NOVACK, J.